IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL ACTION NO. 6:08-1524-HFF |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | DECREE OF FORECLOSURE |
| SAMANTHA (SAMMIE) P. ) | AND SALE |
| STEWART, As Power of ) | |
| Attorney for BARNET ELMER ) | |
| OLSON, Deceased, JOHN DOE, ) | |
| which designates the class ) | |
| of unknown adults, and ) | |
| RICHARD ROE, which ) | |
| designates the class of ) | |
| unknown infants or persons ) | |
| under disability, and all ) | |
| other persons unknown ) | |
| claiming any right, title, ) | |
| estate, interest in or lien ) | |
| upon the real estate ) | |
| described in the Complaint ) | |
| herein, ) | |
| ) | |
| Defendants. ) | |

    This is an action by the United States of America for the foreclosure of a real estate mortgage, and other relief, pertaining to property located in Greenville County, South Carolina. Said mortgage was executed by Barnet E. Olson and Bessie S. Olson to American Federal Bank, FSB, and duly assigned by various assignments, the last being to The Secretary of Housing and Urban Development, an officer of the United States Department of Housing and Urban Development, an agency of the plaintiff.

Upon reading the Affidavits herein and after due consideration thereof, and the entire record in the case, I hereby find and conclude as follows:

1. This action was commenced by the filing of a Summons and Complaint on April 10, 2008 and service was duly made on the defendants pursuant to law and as shown by the Affidavit of Service and/or other documents on file herein. The defendant Samantha P. Stewart is now in default, as appears from the Affidavit of J. Douglas Barnett, Assistant United States Attorney, filed herein. The defendant class Richard Roe, has filed an Answer in this action which consisted of a general denial of the allegations of plaintiff's Complaint.

No deficiency judgment is being sought in this action.

The plaintiff moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, supported by Affidavits and exhibits of record.

Rule 56 provides that when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Rule 56 provides further that if an adverse party does not so respond, summary judgment, if appropriate, shall be entered against him. Defendant class

Richard Roe filed a response to plaintiff's Motion for Summary Judgment, but failed to come forth with evidence of sufficient weight and credibility to counter or meet plaintiff's exhibits (as shown in its motion) and related documents.  The defendant class Richard Roe did not show that there is a genuine issue as to a material fact; hence, from the record in this case the plaintiff is entitled to summary judgment as a matter of law.  As there is no genuine issue requiring trial, an Order granting plaintiff's motion for summary judgment was entered on November 17, 2008.

The estate of Barnet Elmer Olson, as of September 11, 2008 is indebted to plaintiff in the amount of $98,677.12, which amount includes principal, interest, as well as other advances; and any advances thereafter paid for preservation of the mortgaged property, as provided under the terms of the mortgage.  Findings herein as to the amount of judgment are based on and are in reliance upon plaintiff's Affidavit of Default and Amount Due with attachments, particularly Exhibit D, all on file herein.

The Lis Pendens was filed in the Office of the Clerk of Court for Greenville County, South Carolina, on May 12, 2008 in accordance with §§ 15-11-10 and 15-11-20, Code of Laws of South Carolina (1976).  No petition for intervention has been filed.

2.  Ronald R. Hall, Esquire, was appointed by this Court to represent the defendant class designated as Richard Roe.

His answer to the Complaint consists of a general denial.

      3.   This Court has jurisdiction of the subject matter and of the parties to this case; and the plaintiff is entitled to have its mortgage foreclosed, the property sold, and the proceeds applied as set forth herein; said property is described as

> All that piece, parcel or lot of land, with all improvements thereon, or hereafter constructed thereon, situate, lying and being at the Southeastern corner of the intersection of Old Laurens Road and Meadowood Drive in or near the Town of Mauldin, County of Greenville, State of South Carolina, being known and designated as Lot No. 1 as shown on a plat of Meadowood prepared by C. O. Riddle, Surveyor, dated August 27, 1971, and recorded in the RMC Office for Greenville County, South Carolina, in Plat Book 4-N at Page 25, and by a more recent survey entitled "Property of Barnet E. Olson and Bessie S. Olson", dated April 6, 1993, prepared by Carolina Surveying Co., and recorded in the RMC Office for Greenville County, South Carolina, of even date herewith in Plat Book 24T at Page 37. Reference is hereby craved to said more recent plat for a more particular metes and bounds description as appears thereon.
>
> Parcel No. 163045
>
> This being the identical property conveyed to Barnet E. Olson and Bessie S. Olson by deed of Jeff R. Richardson, Jr., dated April 12, 1972, and recorded April 14, 1972, in the Office of the Clerk of Court/RMC for Greenville County, South Carolina, in Deed Book 941 at Page 127. Bessie S. Olson died testate May 11, 1999, property is vested in Barnet Elmer Olson by Deed of Distribution from the Estate of Bessie S. Olson, dated June 16, 2000, and recorded June 19, 2000, in the Office of the Register of Deeds for Greenville County, South Carolina, in Deed Book 1915 at Page 837. Barnet E. Olson died intestate January 21, 2008, leaving unknown heirs-at-law.

      4.   As between the parties to this action, the plaintiff's mortgage constitutes a first lien upon the real

estate hereinabove described.

     5.  Plaintiff not having affirmatively sought a deficiency judgment, the bidding will not stay open for the customary thirty (30) days following the sale.

     6.  In light of the preceding findings and conclusions, I further find and conclude that plaintiff is entitled to the relief sought in its Complaint.

     NOW, THEREFORE, upon motion of the United States Attorney, it is

ORDERED, ADJUDGED AND DECREED

     1.  The estate of Barnet Elmer Olson, as of September 11, 2008 is indebted to plaintiff in the amount of $98,677.12, which amount includes principal, interest, as well as other advances; and any other charges accruing thereafter under the terms of the mortgage.

     2.  Plaintiff shall have judgment of foreclosure of its mortgage against the defendants and the defendants and all persons claiming by, through, or under them, are hereby forever barred from all right, title, interest and equity of redemption in and to the mortgaged premises hereinabove described, or to any part thereof.

     3.  The United States Marshal or a duly authorized Deputy, after having advertised for sale the mortgaged premises once a week for four weeks prior to sale as required by 28 U.S.C.

§2002, shall sell the mortgaged premises described in the Complaint subject to ad valorem taxes at public auction before the door of the Greenville County Courthouse at the usual hour of public sale on any convenient date set by the Marshal and stated in the published notice of sale.

       4.  In conducting the sale, the United States Marshal or a duly authorized Deputy shall require the highest bidder, other than the plaintiff, to make a cash deposit of five percent (5%) of the bid as earnest money and as evidence of good faith. (The balance of the bid shall be paid in cash, by certified check or by cashier's check.) If the plaintiff is the successful bidder at the sale, the amount due on its mortgage may be used as the equivalent of cash.  Should the person making the highest bid at the sale fail to comply with the terms of his bid by depositing the said five percent (5%) in cash, then the premises shall be resold at such bidder's risk on the same sales date, or some subsequent date, as the selling officer may find convenient and advantageous.  Should the last and highest bidder fail to comply with the terms of his bid within ten (10) days of the final acceptance of his bid, the entire deposit shall be forfeited, and the selling officer shall readvertise and resell the property on the same terms and at the bidder's risk on a subsequent sales day.

       5.   Under 28 U.S.C. § 566, it is the duty of the United

States Marshal to enforce the decree of the United States District Court and under § 564, the Marshal is authorized to exercise the same powers of the Sheriff in conducting the sale. It is in the interest of justice that the sale be conducted to yield the best price through free, fair, and competitive bidding. Any act that appears to prevent a free, fair, and open sale or to suppress the bidding or otherwise adversely affects the sale, will not be allowed.  If such an act occurs, then the sale will be halted.  Further, the individual or individuals who perform any act which appears to contribute to the sale being halted or otherwise adversely affected, may be charged with contempt of court, to be sanctioned accordingly, including but not limited to paying for the costs and expenses of the scheduled sale.

      6.   Upon full compliance with the terms of sale, the United States Marshal shall convey title in fee simple to the purchaser, or his nominee; the purchaser shall be let into possession of the premises upon production of the United States Marshal's deed; and all persons holding adversely to the purchaser shall be ejected from the premises by the United States Marshal.

      7.   The proceeds of the sale shall be applied first to the costs and disbursements of this action and the expenses of the sale; second, to the payment and discharge of the amount herein found due the plaintiff; and should any of the proceeds

thereafter remain, the balance shall be held until further order of this Court.

       8. After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved by the Court, the mortgagor, or other persons in possession, shall within fifteen days of the date of approval by the court, move from the premises, and give up the premises, without damage or vandalism. Upon failure of any mortgagor, or persons in possession, to vacate the premises within fifteen days of the date of approval by the Court, the United States Marshal is authorized, empowered and directed to enter upon the premises, and forcibly eject them therefrom, unless prior to such date, the mortgagor, or other persons in possession, obtain from the Court an Order extending the time which said mortgagor or other persons in possession shall have to vacate the premises. The United States Marshal (or deputy) is also authorized to remove from the premises any furniture or other possessions of the mortgagor, or other persons in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

                                      S/Henry F. Floyd
                                        HENRY F. FLOYD
                                  UNITED STATES DISTRICT JUDGE

Spartanburg, South Carolina

December 4, 2008

U.S.A. v. ESTATE OF BARNET ELMER OLSON
CIVIL ACTION NO. 6:08-1524-HFF

I CONSENT TO THE DECREE OF FORECLOSURE AND SALE:

 /s/ Ronald R. Hall
RONALD R. HALL, (ID #1676)
ATTORNEY FOR DEFENDANT CLASS
    RICHARD ROE
1055 Sunset Boulevard
West Columbia, South Carolina  29169